IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JARROD FLAMING, <br> (TDCJ-CID #1679601) <br><br> Plaintiff, <br><br> vs. <br><br> ALVIN COMMUNITY COLLEGE, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § CIVIL ACTION H-17-1074 <br> § <br> § <br> § <br> § |

**ORDER**

Jarrod Flaming, representing himself, sues Alvin Community College, complaining of violations of the Americans with Disabilities Act and the Rehabilitation Act. On October 26, 2017, this Court denied Flaming's motion to have the case reassigned to a different judge. (Docket Entry No. 16).

Flaming has filed a second motion to have the case reassigned to a different judge, (Docket Entry No. 18), in which he again complains that the undersigned judge improperly denied relief in Civil Action Number 4:15-2223.[1]

A party may move to recuse a judge under either 28 U.S.C. § 144 or 28 U.S.C. § 455. Section 144 relates to charges of actual bias or prejudice, while § 455(a) covers an appearance of bias or prejudice. *See Liteky v. United States,* 510 U.S. 540, 547–48 (1994); *Matassarin v. Lynch,*

---

[1] Though Flaming refers to Civil Action Number 4:15-2202, (Docket Entry No. 18, p. 1), the Court determines that this was a typographical error because that case was not filed by Tom White, Jr. Based on Flaming's prior motion, (Docket Entry No. 13), the Court liberally construes Flaming's pleading, (Docket Entry No. 18), to refer to Civil Action Number 4:15-2223, a case filed by Tom White, Jr.

174 F.3d 549, 570 (5th Cir. 1999); *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990). Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. The threshold requirement under § 144 is that a party file an affidavit demonstrating personal bias or prejudice against that party by the district judge. *Parrish v. Bd. of Comm'rs of the Ala. State Bar*, 524 F.2d 98 (5th Cir. 1975) (en banc). "Once the motion is filed under § 144, the judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matters alleged." *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 517 F.2d 1044, 1051 (5th Cir. 1975) (citations omitted); *see also Berger v. United States*, 255 U.S. 22 (1921). Flaming has not satisfied the requirement of filing an affidavit demonstrating bias or prejudice.

Section 455 requires a judge to disqualify when "his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455. The appearance of impartiality controls the § 455 analysis, not whether a judge subjectively believes herself to harbor bias or prejudice. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988). An objective standard for evaluating bias applies. *See Andrade v. Chojnacki*, 338 F.3d 448, 454–55 (5th Cir. 2003) (citing *Vieux Carre Prop. Owners, Residents & Assocs., Inc. v. Brown*, 948 F.2d 1436, 1448 (5th Cir. 1991)). Recusal is required under

§ 455(a) only if "a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003), *cert. denied*, 540 U.S. 1108 (2004). A court's "review should entail a careful consideration of context, that is, the entire course of judicial proceedings, rather than isolated incidents," *id.* (citing *Sao Paulo State of Federative Rep. of Brazil v. Am. Tobacco Co.*, 535 U.S. 229 (2002)), which includes the origin of a judge's alleged bias. *Id.* (citing *Liteky v. United States*, 510 U.S. 540 (1994)). "As articulated by the Supreme Court, this rule more or less divides events occurring or opinions expressed in the course of judicial proceedings from those that take place outside of the litigation context and holds that the former rarely require recusal." *Id.*

The basis for Flaming's recusal motion is the undersigned judge's rulings in another civil action filed by a prison inmate. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Judicial rulings are all Flaming cites. That is insufficient for the relief he seeks. When, as here, no extrajudicial source of bias is involved, judicial rulings may serve as the basis for disqualification only when they "display a deep-seated favoritism or antagonism that would make fair judgment impossible," which the Supreme Court has described as the "rarest of circumstances." *Liteky*, 510 U.S. at 555. There is no such evidence here. An objective third party aware of all the facts could not reasonably question this judge's impartiality.

Flaming's second motion to reassign this case to another judge, (Docket Entry No. 18), is DENIED.

Flaming's motion for a copy of the docket sheet, (Docket Entry No. 19), is GRANTED nunc pro tunc. The docket sheet reveals that the Clerk sent Flaming a copy of the docket sheet on December 4 and 13, 2017.

Flaming also requests a copy of the return of service receipt. (Docket Entry No. 19, p. 1).

The Clerk is directed to provide Flaming with a copy of the return of service, (Docket Entry No. 20).

SIGNED at Houston, Texas, on ~~DEC 2 0 2017~~

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE