IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JARROD FLAMING, (TDCJ-CID #1679601) Plaintiff, vs. ALVIN COMMUNITY COLLEGE, Defendant. | § § § § § § § § § § § CIVIL ACTION H-17-1074 |

**MEMORANDUM ON DISMISSAL**

**I.    Procedural History and Background**

The plaintiff, Jarrod Flaming, is an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). He filed a complaint under 42 U.S.C. § 1983, alleging that Alvin Community College ("AAC") violated his civil rights. Proceeding pro se, Flaming sues ACC.

Flaming filed his original complaint naming ACC as a defendant on April 7, 2017. (Docket Entry No. 1). On April 21, 2017, Flaming filed his First Amended Complaint, (Docket Entry No. 9), and on January 23, 2018, he filed his Second Amended Complaint. (Docket Entry No. 29). Flaming alleges violations of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. Section 12131, *et seq.*, and the Rehabilitation Act of 1973 (RA), 29 U.S.C. Section 794, *et seq.* (Docket Entry No. 29, p. 1).

ACC filed a Motion for Partial Dismissal Pursuant to Rule 12(b)(1). (Docket Entry No. 37). ACC also filed a Motion for Partial Dismissal Pursuant to Rule 12(b)(6). (Docket Entry No. 38). Flaming has responded. (Docket Entries Nos. 44, 53, 54). ACC filed a reply, (Docket Entries Nos. 48 & 56), and Flaming filed an objection. (Docket Entry No. 58).

Based on the pleadings, the motions, responses, and the applicable law, this Court grants the motions to dismiss filed by ACC. The reasons for this ruling are stated below.

## II. Flaming's Allegations

Flaming states that he is an individual with a qualified disability because he was diagnosed with intermittent exotropia, oculomotor dysfunction, and accommodation insufficiency. Flaming has a learning disability, and he is regarded as having a history of a learning disability. Flaming has a visual perception difficulty where Flaming lacks sufficient visual skills without proper and sufficient disability accommodation. Having access to written notes accommodates Flaming's learning difficulty.

Eileen Cross, ACC's Disability Services Coordinator, recognized Flaming as having a qualified disability under the ADA. On November 3, 2015, Cross listed ten needed disability accommodations, and in a letter dated November 23, 2015, Cross informed Flaming that Warden Troy Simpson had approved the accommodations.

In a letter dated March 23, 2016, Flaming advised ACC that he was being denied enlarged text handouts, tests, and extra time. In the March 23, 2016, letter Flaming also stated the Math 310 book was not the book assigned by the instructors. On June 21, 2016, Cross informed Flaming that an MP4 player may be approved.

Flaming had ACC Instructor A. Massun for Math 0312 and Math 1332. Instructor Massun

2

refused to provide approved, reasonable, proper, adequate, and necessary disability accommodations. Flaming asserts that ACC, by its acts and omissions, caused Flaming to fail Math 0312 and receive a lower grade in Math 1332. Flaming further contends that he is being excluded from participation in defendant ACC's educational programs due to Flaming's disability.

Flaming began the Winter Semester on January 17, 2017, with no books. Flaming received an MP4 player for college with one out of four books correctly downloaded. College books arrived on the Jester 3 Unit on January 24 and 25, 2017.

On February 9, 2017, Flaming met with Cross and TDCJ Assistant Warden Martha Burgess to address disability accommodation denials. Flaming argues that ACC was obligated to provide him with: (1) enlarged testing materials; (2) extra time; (3) a note taker; (4) enlarged print books; and (5) enlarged handouts. Flaming asserts that ACC denied enlarged print books for the entire time Flaming was a student of ACC. If Flaming had been a student on ACC's campus, ACC would have provided him with all of his disability accommodations.

Flaming seeks the following relief:

A. Issue a declaratory judgment stating that:

1. The actions of ACC by refusing to accommodate a known disability violate Flaming's rights under Title II of the ADA.

2. The acts and omissions by ACC in refusing to properly, adequately, and sufficiently accommodate a known disability violates Flaming's rights under Title II of the ADA as disability discrimination.

3. The actions of ACC in refusing to accommodate a known disability violate Flaming's rights under the Rehabilitation Act of 1973.

3

B. Issue a preliminary and permanent injunction ordering:

1. That Flaming may retake Math 312 and 1332, or any other class where Flaming's learning disability was not accommodated as approved by Warden Troy D. Simpson or Eileen Cross.

2. That all failing grades in Flaming's college record where Flaming's disability was not accommodated be removed from Flaming's grade record.

3. That no such stricken failing grade may count towards any computation of Flaming's GPA now or in the future.

C. Award compensatory damages in the following amount under ADA Title II of $50,000.00.

## III. Standard of Review

### A. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). As such, the Court must dismiss a complaint for lack of subject-matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction.

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "The burden of

proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted).

In reviewing a motion under 12(b)(1) the Court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is characterized as either a "facial" attack, i.e., the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, i.e., the facts in the complaint supporting subject matter jurisdiction are questioned. *Blue Water Endeavors, LLC v. AC & Sons, Inc. (In re Blue Water Endeavors, LLC)*, Ch. 11 Case No. 08–10466, Adv. No. 10–1015, 2011 WL 52525, at *3 (E.D. Tex. Jan. 6, 2011) (citing *Rodriguez v. Tex. Comm'n of Arts*, 992 F. Supp. 876, 878–79 (N.D. Tex. 1998), *aff'd*, 199 F.3d 199 (5th Cir. 2000)). A facial attack happens when a defendant files a Rule 12(b)(1) motion without accompanying evidence. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In a facial attack, allegations in the complaint are taken as true. *Blue Water*, 2011 WL 52525, at *3 (citing *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995)).

Alternatively, for a factual attack, the Court may consider any evidence (affidavits, testimony, documents, etc.) submitted by the parties that is relevant to the issue of jurisdiction. *Id.* (citing *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989)). A defendant making a factual attack on a complaint may provide supporting affidavits, testimony, or other admissible evidence. *Paterson*,

644 F.2d at 523. The plaintiff, to satisfy her burden of proof, may also submit evidence to show by a preponderance of the evidence that subject matter jurisdiction exists. *Id.* In reaching its decision, "the [C]ourt is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (quotation marks and citations omitted); *see also Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. May 1981) ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." (quoting *Mortensen v. First. Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977))).

The Court need not convert a Rule 12(b)(1) motion into a motion for summary judgment when it considers matters outside of the pleadings. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 512 (5th Cir. 1980). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011)(citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)); Fed. R. Civ. P. 12(h)(3). Because the parties have each submitted evidence outside the pleadings, ACC's Motion to Dismiss is a factual attack, and the Court will consider the evidence in the record, resolving any disputed facts.

**B.     Rule 12(b)(6)**

A party may seek dismissal of a complaint for failure to state a claim upon which relief can

be granted. Fed. R. Civ. P. 12(b)(6). "Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010). "Pleadings" for purposes of a Rule 12(b)(6) motion include the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009) (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. When a plaintiff's complaint fails to state a claim, the Court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

"A document filed pro se is 'to be liberally construed,'... and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers.'" *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Under this standard, pleadings filed by a pro se litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir. 2000).

## IV. The Issue of Mootness

ACC moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) Flaming's claims for injunctive and declaratory relief as moot. (Docket Entry No. 37). The United States Constitution, Article III, section 2, clause 1, requires the existence of a case or controversy to support a federal court's jurisdiction. *Amar v. Whitley,* 100 F.3d 22, 23 (5th Cir. 1996). The case or controversy doctrine underlies the legal doctrines of both standing and mootness. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC),* 528 U.S. 167, 180 (2000). Standing raises the issue of "whether the plaintiff is entitled to have the court decide the merits of the dispute or of particular issues. Standing is a jurisdictional requirement that focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated." *Cook v. Reno,* 74 F.3d 97, 98-99 (5th Cir. 1996) (internal citations and footnotes omitted). Mootness is "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 397 (1980). The mootness doctrine "ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit [. . . ] including the pendency of the appeal." *McCorvey v. Hill,* 385 F.3d 846, 848 (5th Cir. 2004), *cert. denied,* 543 U.S. 1154 (2005). As stated by the Fifth Circuit, "[m]ootness goes to the heart of our jurisdiction under Article III of the Constitution. Therefore, we must consider mootness even if the parties do not raise it, because 'resolution of this

question is essential if federal courts are to function within their constitutional spheres of authority.'" *Tex. Office of Pub. Util. Counsel v. F.C.C.*, 183 F.3d 393, 413 n.16 (5th Cir. 1999) (quoting *North Carolina v. Rice*, 404 U.S. 244, 245 (1971)).

A case is moot where the cause of action is no longer live, or where the parties no longer hold a personal stake in the outcome. *Henschen v. City of Houston*, 959 F.2d 584, 587 (5th Cir. 1992). Flaming seeks both injunctive relief and compensatory damages. "Justiciability must be analyzed separately on the issues of money damages and the propriety of injunctive relief." *Id.; see also Pederson v. La. State Univ.*, 213 F.3d 858, 874 (5th Cir. 2000) (same).

Graduation typically moots a claim for injunctive or declaratory relief when students challenge the constitutionality of school policies. *See, e.g., Bd. of Sch. Comm'rs of Indianapolis v. Jacobs*, 420 U.S. 128, 129 (1975) (per curiam) ("[Once] all of the named plaintiffs in the action [have] graduated . . . a case or controversy no longer exists."); *Mellen v. Bunting*, 327 F.3d 355, 364 (4th Cir. 2003) ("[Students'] claims for declaratory and injunctive relief generally become moot when they graduate."); *Stotts v. Cmty. Sch. Dist. No. 1*, 230 F.3d 989, 991 (7th Cir. 2000) (holding that the "case lacks a live controversy [because the plaintiff] has graduated"); *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000) ("It is well-settled that once a student graduates, he no longer has a live case or controversy justifying declaratory and injunctive relief against a school's action or policy."); *Pederson v. La. State Univ.*, 213 F.3d 858, 874-875 (5th Cir. 2000) (finding Title IX injunctive relief claims mooted by student's graduation); *Sapp v. Renfroe*, 511 F.2d 172, 175 (5th Cir. 1975) (claim for injunctive relief mooted by graduation of student challenging constitutionality of board of education requirement that students complete ROTC prior to graduation).

Flaming submits his academic transcript from ACC, which he describes as a "July 26, 2017, Course Summary showing 'D' grade from noncompliance." (Docket Entry No. 33, pp. 1, 7). The transcript shows that Flaming received a grade of 'D' in Math 0312, Developmental Math and Intermediate Algebra. Though Flaming alleges that he failed Math 0312, ACC offers Flaming's transcript that shows that he did not receive any failing grades from ACC. (Docket Entry No. 37-1, Flaming's Academic Transcript, p. 2). The transcript demonstrates Flaming received three credits for Math 0312. (*Id.*). The transcript further shows that in December 2017, ACC awarded Flaming an Associate of Applied Science Degree in Management Development. (*Id.*).

Given that Flaming has graduated from ACC, Flaming's claims for injunctive relief are moot. Otherwise stated, Flaming's past exposure to alleged illegal conduct does not present a case or controversy regarding injunctive relief. *See generally Pederson*, 213 F.3d at 877 (where female students complaining of Title IX violations had graduated, request for injunctive relief mooted). In short, as Flaming cannot benefit from a favorable ruling on the question implicating injunctive relief, the request for injunctive relief is moot as to him.

One possible exception to the mootness of injunctive relief in this case pertains to conduct that is capable of repetition, yet evading review. *See generally Moore v. Ogilvie*, 394 U.S. 814, 816 (1969). This exception requires satisfaction of two components: "the duration of the challenged action must be too short to enable the parties to litigate fully, and there must be a reasonable expectation that the same party will again be subject to the same action." *Henschen*, 959 F.2d at 589 (citation omitted). Flaming seeks injunctive relief in the form of being allowed to retake two classes, Math 0312 and Math 1332. He further seeks the removal of all failing grades from his academic transcript. (Docket Entry No. 29, p. 12). Flaming contends he is entitled to injunctive relief because

he received a 'D' grade in Math 0312, but a prerequisite for Math 1332 was a grade of 'C' or better. (Docket Entry No. 54, p. 5). Flaming admits that he completed Math 1332, and his official academic transcript confirms this. (Docket Entry No. 37-1, p. 2). Flaming argues that he "should have never been allowed to take Math 1332" and "should not have graduated." (*Id.* at 15, 16).

To establish an exception to the mootness of injunctive relief, Flaming must show that ACC is engaging in conduct that is capable of repetition, yet evading review. Flaming must show that the duration of the challenged action is too short to enable the parties to litigate fully. He must also establish that there is a reasonable expectation that the same party will again be subject to the same action, namely that ACC will deny Flaming accommodations for his disability. *Henschen,* 959 F.2d at 589 (citation omitted). Here, the situation is not capable of repetition as to Flaming. *See generally DeFunis v. Odegaard,* 416 U.S. 312 (1974) (rejecting law student's attempt to evade mootness of his claim challenging school's admission policy under the "capable of repetition yet evading review" doctrine, since the admission policy was not capable of repetition as to him).

Flaming does not allege the existence of an immediate threat that ACC will allegedly wrong him again. Flaming does not point to any imminent injury he will likely sustain in the future. Flaming has graduated and is no longer a student at ACC. There is no reasonable expectation that Flaming will be subjected to the same action again. He has completed the Associate of Applied Science Degree and will not again return to ACC as a student seeking an Associate of Applied Science Degree. *See generally Weinstein v. Bradford,* 423 U.S. 147, 149 (1975) (per curiam) (one possible exception to the mootness requirement pertains to conduct that is capable of repetition, yet evading review); *Moore v. Ogilvie,* 394 U.S. 814, 816 (1969). This Court may not grant Flaming declaratory and injunctive relief, as such relief would have no impact on him whatsoever.

Liberally construed, Flaming's allegations are conclusory at best and insufficient to resurrect his mooted claims. Accordingly, Flaming's claims are dismissed for lack of subject matter jurisdiction as they are moot.[1]

## V. The Absence of Physical Injury

Flaming seeks $50,000 in compensatory damages resulting from ACC's denial of the same benefit of educational programs that were afforded to others. (Docket Entry No. 29, pp. 9, 12). ACC moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Prison Litigation Reform Act (PLRA) forecloses Flaming's ability to recover compensatory damages. (Docket Entry No. 38, p. 3).

The PLRA prohibits recovery of damages by prisoners in cases that do not involve physical injury. The PLRA expressly provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Fifth Circuit has held that this restriction "applies to all federal civil actions" filed by prisoners, "making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). A prisoner may not recover compensatory damages under statutory remedial schemes found in the ADA or the RA without a prior showing of physical injury. *See Cassidy v. Ind. Dep't of Corrs.*, 199 F.3d 374, 376-77 (7th Cir. 2000) (holding

---

[1] Flaming argues that he was not required to exhaust ACC's grievance process because it was not "available" to him. (Docket Entry No. 54, pp. 2-3). ACC responds that in its pending Motions to Dismiss, ACC did not argue that Flaming failed to exhaust his administrative remedies. (Docket Entry No. 56, p. 2). ACC argues that Flaming's argument should be disregarded as a mere red-herring. (*Id.*). The Court need not address the issue of exhaustion at this time.

that § 1997e(e) applies to bar claims for compensatory damages for disability-based discrimination under the ADA and RA without a showing of prior physical injury); *Davis v. District of Columbia*, 158 F.3d 1342, 1348-49 (D.C. Cir. 1998) (holding that § 1997e(e) precludes prisoner's claim for emotional injury under the ADA if there is no prior showing of physical injury); *see also Edler v. Hockley Cnty. Comm'rs Court*, 589 F. App'x 664, 670-71 (5th Cir. 2014) (per curiam) (rejecting an inmate's claim for damages under the ADA without proof of a physical injury pursuant to § 1997e(e)).

The Fifth Circuit has held that allegations of "mental anguish, emotional distress, psychological harm, and insomnia" are barred by § 1997e(e). *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). To the extent that Flaming's claims are based on mental or emotional harm, his request for compensatory damages must be dismissed for failure to state a claim upon which relief may be granted. *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (holding that a prisoner's failure to allege physical injury precludes his recovery of compensatory damages for emotional or mental injuries pursuant to 42 U.S.C. § 1997e(e)). Because Flaming does not allege that he suffered a physical injury in connection with the complained-of condition of confinement, his claim for compensatory damages lacks an arguable basis in law.

## VI. Conclusion

ACC's Motion to Dismiss Partially Pursuant to Rule 12(b)(1), (Docket Entry No. 37), is GRANTED. ACC's Motion to Dismiss Partially Pursuant to Rule 12(b)(6), (Docket Entry No. 38), is GRANTED. Flaming's claims against ACC are DISMISSED. Flaming's Motion to Hold Proceedings in Abeyance, (Docket Entry No. 42), is DENIED as moot. Flaming's Motion for Judgment, (Docket Entry No. 46), is DENIED. Flaming's Motion for Partial Summary Judgment,

13

(Docket Entry No. 61), is DENIED as moot. Flaming's Motion for Proposed Discovery Plan, (Docket Entry No. 62), is DENIED as moot. Flaming's Motion for Extension of Time Responses and Deadlines, (Docket Entry No. 63), is DENIED as moot. Flaming's Motion to Compel Discovery, (Docket Entry No. 69), is DENIED as moot. ACC's Motion to Stay Discovery, (Docket Entry No. 72), is DENIED as moot.

SIGNED at Houston, Texas, on  SEP 2 4 2018

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE